UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEMARI COTTON,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS HILL, MICHAEL DVORAK, and KENNETH P. COTTER,<br><br>Defendants. | CAUSE NO.: 3:19-CV-714-JD-MGG |

OPINION AND ORDER

Gemari Cotton, a prisoner without a lawyer, filed a complaint alleging he was a juvenile when he was charged as an adult in the St. Joseph Superior Court. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cotton states he was born on March 9, 1995. He states he was 17 years 281 days old when he was charged as an adult in the St. Joseph Superior Court. Based on these dates, Cotton alleges he was charged as an adult on December 14, 2012. He is suing three defendants. Kenneth P. Cotter was the deputy prosecuting attorney in his criminal

case: *State v. Cotton*, 71D08-1301-MR-3 (St. Joseph Superior Court filed January 16, 2013). https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlpEQTFOVEV3T1RFd01Ua3dPakExT0RRME9ESXhNRFk9In19. Michael Dvorak was the elected St. Joseph County Prosecutor at the time Cotton was charged. Curtis Hill is the current Indiana Attorney General. https://www.in.gov/attorneygeneral/2354.htm. Hill first took office on November 9, 2017. *Id*. At the time Cotton was charged as an adult, Curtis Hill was the elected Elkhart County Prosecutor. *Id*.

Curtis Hill is not alleged to have had any involvement with the decision to prosecute Cotton as an adult. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because Curtis Hill is not alleged to have had any personal involvement with the decision to charge Cotton as an adult, the claims against him must be dismissed.

Kenneth P. Cotter and Michael Dvorak were prosecutors when they are alleged to have charged Cotton as an adult. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore the claims against Cotter and Dvorak must also be dismissed.

Moreover, to the extent Cotton could have raised claims against anyone based on having been charged as an adult, those claims are now barred by the statute of limitations. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). When Cotton turned 18 on March 9, 2013, he had two years to bring these claims. *See* Indiana Code 34-11-6-1 ("A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed.") and Indiana Code 1-1-4-5 ("'Under legal disabilities' includes persons less than eighteen (18) years of age . . ."). As such, any claims Cotton could have had based on having been charged as an adult expired on March 9, 2015.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). For the reasons explained in this order, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on September 10, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT